UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
04-CR-367(1)(JMR)
07-CV-3210(JMR)


United States of America        )
                                )
           v.                   )              ORDER
                                )
Keith Allen Sjolie              )


Petitioner, Keith Allen Sjolie, seeks habeas corpus relief pursuant to 28 U.S.C. § 2255.  His petition is denied.

I.  Background

Petitioner was arrested on methamphetamine-related charges following the execution of search warrants at his home and farm. He was indicted by a grand jury on September 21, 2004.  The grand jury charged him with:  Count 1, conspiracy to possess with intent to distribute in excess of 500 grams methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and Count 2, aiding and abetting the possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2.

On March 3, 2005, he pleaded guilty to Count 1 of the Indictment pursuant to a plea agreement.  The plea agreement anticipated a guideline range of 135 to 168 months, with the possibility of the government making motions for a downward departure based on substantial assistance.  The parties acknowledged the Court would determine the applicable guidelines,

and agreed petitioner could not withdraw from the plea agreement if the Court found a different guideline range.  He remained out of custody pending sentence.

On June 9, 2005, prior to sentencing, petitioner was arrested for possessing and distributing an additional 9.5 pounds of methamphetamine ("additional methamphetamine").  Based on the new offense, the government filed a petition for revocation of petitioner's pretrial release.  On June 16, 2005, petitioner appeared before the Court, waived his right to contest the violation petition, and agreed to revocation of his release. (Pretrial Release Revocation Hr'g Tr. 3-4, June 16, 2005.)  Rather than charging petitioner separately for the additional methamphetamine, the parties agreed to add this quantity to the instant offense as related criminal conduct.

A presentence investigation report ("PSR") was prepared by the United States Probation Office.  The PSR included a calculation of petitioner's sentencing guidelines under the United States Sentencing Guidelines ("U.S.S.G.").  The calculations included the additional methamphetamine as relevant conduct.  PSR ¶ 36.  No reduction for acceptance of responsibility was applied due to petitioner's criminal conduct subsequent to pleading guilty.  PSR ¶¶ 33, 41.  Based on a total offense level of 38, and a criminal history category of II, the  guideline range was 262 to 327 months. PSR ¶ 77.  This increase over the plea agreement's anticipated

range resulted from the larger drug quantity, coupled with the loss of acceptance of responsibility as a result of continuing criminal conduct. Petitioner did not object to the PSR's guideline calculations.

Petitioner wrote a letter to the Court admitting possession of the additional methamphetamine; he claimed he had forgotten he had it until two days before his revocation arrest. At his sentencing hearing held October 14, 2005, he again admitted possession. (Sent. Tr. 7-9, Oct. 14, 2005.) Parenthetically, the Court considers it unlikely that anyone could forget possession of such a quantum of contraband.

At sentencing, the Court adopted the PSR's guideline calculations. The Court also denied petitioner's motion for downward departure premised on his poor mental and physical health.[1] The Court sentenced petitioner to 262 months imprisonment. On direct appeal, the Eighth Circuit Court of Appeals denied petitioner's appeal of the Court's denial of his motions for departure. United States v. Sjolie, 225 Fed. App'x 423 (8th Cir. 2007) (unpublished).

---

[1]Petitioner is visually impaired, and suffers multiple health problems.

Petitioner now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255.[2]  He claims:  (1) his guilty plea was not knowing and voluntary; (2) the government obtained evidence through illegal search and seizure; (3) his confession to participation in the drug conspiracy was coerced and obtained in violation of his Fifth Amendment rights; and (4) the possession and distribution of additional methamphetamine used to enhance his sentence was not proven or admitted.  He further claims he was denied his Sixth Amendment right to effective assistance of counsel because his counsel failed to advise him of the consequences of pleading guilty, failed to challenge the use of the additional methamphetamine as relevant conduct for purposes of sentencing, and failed to challenge the illegally obtained confession and physical evidence.  Petitioner's arguments fail.

II.  Discussion

As an initial matter, all of petitioner's claims, except ineffective assistance of counsel, are procedurally barred from review on a habeas petition.  The Court further finds petitioner's Sixth Amendment claims fail on the merits.

    A.  Claims Procedurally Barred

Assuming petitioner ever had a valid claim of government misconduct, illegal evidence seizure, or coerced confession, such

----

[2]Petitioner filed three documents in support of his habeas petition.  Although the Local Rules do not permit successive filings, the Court considers the arguments made in each of the pleadings.

claims were waived as a consequence of his guilty plea.  His claims concerning the additional methamphetamine as relevant conduct, consequent increased sentence, and denial that his plea was knowing and voluntary could have been brought on direct appeal, and are thus barred from review on a habeas petition.

At petitioner's plea hearing, he waived any constitutional challenge to the evidence gathered against him, including his confession.  (Change of Plea Tr. 10, March 3, 2005.)  See United States v. Staples, 435 F.3d 860, 864 (8th Cir. 2006).  Beyond this, the now-challenged evidence was not used to prove petitioner's guilt; his sworn admission of guilt at his change of plea hearing established his guilt, regardless of how evidence was obtained. Under the terms of the plea agreement, petitioner waived his now-proffered claims of illegal search and seizure and violation of his Miranda rights.  As such, they may not now be raised under § 2255.

Petitioner's claims concerning the later-acquired methamphetamine, including its use as part of the sentencing calculus and his assertion of an involuntary or unknowing plea, are barred as well.  He did not object to the inclusion of the additional methamphetamine at sentencing, and he never moved to withdraw his plea.  See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990).  His claims are barred for that reason alone.

Beyond this, these claims could have been raised on direct appeal.  Petitioner seeks relief under 28 U.S.C. § 2255, "the statutory analogue of habeas corpus for persons in federal

custody." <u>Poor Thunder v. United States</u>, 810 F.2d 817, 821 (8th Cir. 1987).   This statute offers a remedy to "a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996).   Habeas corpus review is not a substitute for direct appeal.   Thus, claims that could have been raised on direct appeal are procedurally barred in a § 2255 motion.   <u>Dejan v. United States</u>, 208 F.3d 682, 685 (8th Cir. 2000).   To avoid this procedural default, a petitioner must "show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." <u>Matthews v. United States</u>, 114 F.3d 112, 113 (8th Cir. 1997).

Here, petitioner's claims regarding the guidelines and his plea could have been – but were not – raised on direct appeal.   He makes no claim that his allegations are premised on newly discovered facts or any recent change in the law.   Under these circumstances, the Court finds petitioner has wholly failed to demonstrate any cause for his failure to raise these issues on direct appeal.   Furthermore, the Court finds petitioner failed to show actual prejudice, as each of his claims are without merit. Accordingly, the Court finds petitioner's claims procedurally barred.

B.   <u>Ineffective Assistance of Counsel</u>

Petitioner claims his counsel rendered ineffective assistance. Such claims are analyzed under the two-part test announced in

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).   To prevail, a petitioner must show:   (1) "that counsel's representation fell below an objective standard of reasonableness," <u>id.</u> at 688; and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different."   <u>Id.</u> at 694.   Judicial scrutiny of counsel's performance is "highly deferential," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689.

   A.   <u>Knowing, Voluntary, and Intelligent Plea</u>

   "A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences."   <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 (2005) (quotations omitted).   When a defendant enters a plea upon advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."   <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985) (quotations omitted).   Petitioner claims his counsel failed to ensure he knew the consequences of pleading guilty, and failed to take the necessary precautions to ensure he understood the plea agreement despite his visual impairment.    He also contends his counsel told him the sentence would be 60 months.

   The record belies petitioner's present contentions.   The plea agreement - which petitioner signed and initialed - clearly contemplates a sentence beyond 60 months.   The statutory minimum in

petitioner's case is 10 years.  Petitioner told the Court the plea agreement had been read to him and that he understood its terms. (Change of Plea Tr. 12.)  Petitioner stated under oath he was satisfied with his counsel's assistance, that they had discussed the case on multiple occasions, and that there were no side promises or special agreements not covered in the plea agreement. (Id. at 4-5, 14.)  Moreover, the Court itself discussed with petitioner the plea agreement and all of the rights he was waiving by entering the plea.  (Id. at 7-22.)  The Court specifically advised petitioner that it would determine the sentence, and the factors for the guidelines could vary from those contained in the agreement.  (Id. at 13-21.)  As to the possibility that the government could make motions based on cooperation to sentence petitioner below the mandatory minimum or the guideline range, the Court made clear those motions lay within the prosecutor's discretion, and that the Court was under no obligation to grant them.  (Id. at 20-21.)  Petitioner acknowledged each of these warnings, and still decided to proceed with the plea.  (Id. at 21-22.)

The Court is confident, based on the record, that petitioner was fully informed and aware of his plea agreement and the consequences of pleading guilty.  Accordingly, petitioner fails to show that, but for his counsel's alleged errors, he would have not pleaded guilty and would have demanded a trial.  Counsel's

performance was reasonable, and petitioner was not prejudiced by counsel's alleged failures.

B.   Suppression of Evidence

Petitioner claims his trial counsel was ineffective for failing to challenge illegally obtained evidence.   Again, the record shows he is wrong.   Petitioner's counsel did move to suppress petitioner's statement to police, and the Magistrate recommended the Court grant his motion.   (See Report and Recommendation, Nov. 19, 2004.) Petitioner's co-defendant moved to suppress evidence seized from search warrants, and the Magistrate recommended denying that motion.   (Id.)   Although the Magistrate denied petitioner's motion to join his co-defendant's search and seizure motion (Order, Nov. 17, 2004.), the Magistrate considered how the evidence gathered against petitioner was obtained, and determined the government acted legally.   No objections were filed to the Magistrate's decisions, and petitioner entered a change of plea before the Court ruled on the Magistrate's recommendations.

Given counsel's zealous efforts to suppress the evidence petitioner claims was illegally obtained, counsel's performance cannot be considered unreasonable.   The deferential standard in Strickland imposes a strong presumption that counsel reached the professional conclusion that the Magistrate's ruling admitting the search and seizure evidence was correct, and therefore not worth further litigation.   See Strickland, 466 U.S. at 690.   Petitioner cannot show that counsel acted unreasonably, nor a reasonable

9

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  See id. at 687-88.

C.  Relevant Conduct

Finally, petitioner claims his counsel was ineffective for failing to contest the additional methamphetamine into his guideline calculations as relevant conduct.  Petitioner's own admissions to the Court, however, show that counsel did not act unreasonably, nor that the outcome would have been different had counsel challenged inclusion of the drugs.

These were the drugs obtained while petitioner was on pretrial release.  In addition to admitting his criminal conduct to law enforcement, petitioner wrote the Court a letter admitting knowledge of the drugs at least two days prior to his arrest for pretrial release violation.  (See Sent. Tr. 7, Oct. 14, 2005.)  He also admitted possession of the drugs at sentencing.  (Id. at 7-9.)  There is no evidence petitioner's counsel advised him to make this admission; the statements were made on petitioner's own initiative.  Given these admissions, the Court found no fact question existed as to whether the drugs should be counted against petitioner as relevant conduct.  Moreover, had the drugs not been incorporated as relevant conduct into the matter already before the Court, petitioner likely would have been charged with an additional felony.

The Court presumes counsel's decision not to contest the inclusion of the drugs as relevant conduct was a sound strategy, and therefore not unreasonable.  See Strickland, 466 U.S. at 689. Even if counsel had moved for an evidentiary hearing on the matter, there is no reasonable probability that the sentencing outcome would have been different given petitioner's own admissions.

For these reasons, the Court finds petitioner has entirely failed to show any evidence that his counsel's representation fell below an objective standard of reasonableness or any instance of prejudice.  Petitioner's motion fails on each claim of ineffective assistance of counsel.

III.  Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA").  See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).  The Court concludes that no issue raised is "debatable among reasonable jurists" or deserving of further proceedings.  Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV.  Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1.   Petitioner's motion for relief pursuant to § 2255 [Docket No. 237] is denied.

2.   No Certificate of Appealability will be issued.

3.   Petitioner's motion to supplement his § 2255 petition [Docket No. 242] is granted.

4.   Petitioner's petition to proceed in forma pauperis [Docket No. 238] is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 8th, 2008

      s/ James M. Rosenbaum
      JAMES M. ROSENBAUM
      United States District Judge