UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 04-CR-0367(1) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| KEITH ALLEN SJOLIE, | |
| Defendant. | |

Defendant Keith Sjolie pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. In October 2005, then-Chief Judge James M. Rosenbaum sentenced him to 262 months in prison and five years of supervised release.[1] ECF No. 207. The Eighth Circuit affirmed Sjolie's sentence on direct appeal. ECF No. 235. In July 2007, Sjolie filed a motion to vacate, set aside, or correct his sentence, ECF No. 237, and Judge Rosenbaum denied the motion and entered judgment in August 2008, ECF Nos. 251–52. The Eighth Circuit declined to grant Sjolie a certificate of appealability and dismissed his appeal in March 2009.[2] ECF No. 259.

---

[1]The undersigned later granted Sjolie's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c), reducing his sentenced to 210 months. ECF No. 305.

[2]Sjolie was released from custody in April 2020. ECF No. 371. In 2023, Sjolie was indicted on new drug-trafficking charges. *See United States v. Sjolie*, 23-CR-0336 (MJD/DTS). That case was assigned to Judge Michael J. Davis. *Id.* ECF No. 13. Sjolie pleaded guilty in that case and, in June 2024, Judge Davis sentenced him to 60 months' imprisonment and four years of supervised release. *Id.* ECF No. 47. Judge Davis also
(continued...)

This matter is before the Court on Sjolie's motion to reopen his § 2255 motion, which the Court construes as a motion under Fed. R. Civ. P. 60(b).  The motion is denied.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion."  *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

Sjolie's motion—filed more than 17 years after the entry of judgment on the § 2255 motion—is grossly untimely.  His motion simply identifies the same claims that he presented in the original § 2255 motion and argues, mostly in summary fashion, that Judge Rosenbaum erred in denying them.  Sjolie could have made this argument at any time in the intervening 17 years.  He does not identify any newly discovered evidence or any change in the law.  Nor can he show that anything prevented him from filing this motion earlier, as he filed other pro se motions during that time, *see* ECF Nos. 267, 298, *Sjolie*, 23-CR-0336 ECF No. 48, and he was released from custody in April 2020.  Under these circumstances, Sjolie's Rule 60(b) motion was not filed within a "reasonable time."

---

²(...continued)
revoked Sjolie's term of supervised release in this case (that is, Case No. 04-CR-0367) and sentenced him to 27 months to run concurrently to his 60-month term, with no supervision to follow.  *Sjolie*, 04-CR-0367, ECF No. 373.

Setting that aside, Sjolie's motion fails for other reasons. To the extent Sjolie is attempting to relitigate claims that Judge Rosenbaum denied on the merits, his motion constitutes a second-or-successive § 2255 motion that he cannot bring without first getting permission from the Eighth Circuit. *See* 28 U.S.C. § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (a Rule 60 motion that challenges a court's previous resolution of a habeas claim on the merits constitutes a second-or-successive motion); *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (applying *Gonzalez* in the § 2255 context). And to the extent Sjolie argues that Judge Rosenbaum erred in finding that certain claims were procedurally barred, Sjolie fails to identify any error at all, much less the exceptional circumstances required to grant relief under Rule 60(b).[3] *See Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[3] Sjolie argues, for example, that claims of ineffective assistance of counsel can never be procedurally barred. Even if correct, this argument does not help him, as Judge Rosenbaum denied those claims on the merits.

1. Defendant's motion to reopen 28 U.S.C. § 2255 motion [ECF No. 376] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 23, 2025          /s/ Patrick J. Schiltz
                                  Patrick J. Schiltz, Chief Judge
                                  United States District Court